UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2011 OCT 26 PM 2: 30
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| Juan Ochoa<br><br>Plaintiff,<br><br>v.<br><br>Valentine & Kebartas, Inc.<br><br>Defendant. | Case No.<br><br>**1:11-cv-1427 SEB-DKL**<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Elwood, IN at all times relevant to this action.

2. Defendant is a Massachusetts corporation that maintained its principal place of business in Lawrence, MA at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Chase Bank, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around December 14, 2010, Plaintiff retained an attorney to file bankruptcy.

14. On or around July 7, 2011, Defendant telephoned Plaintiff in connection with the collection of the debt and left a voice message.

15. In response to the above message, Plaintiff telephoned defendant. During this communication, Plaintiff notified Defendant that Plaintiff was represented by a bankruptcy attorney and provided Plaintiff's attorney's contact information.

16. Despite this notice, Defendant telephoned Plaintiff in connection with the collection of the debt again on July 7, 2011 and twice on July 11, 2011. During each of these communications, Plaintiff reiterated that Plaintiff had retained an attorney with respect to the debt in question and provided Plaintiff's attorney's contact information.

17. Defendant caused Plaintiff emotional distress.

18. Defendant violated the FDCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

19. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

20. In support hereof, Plaintiff incorporates paragraphs 14-16 as if specifically stated herein.

### JURY DEMAND

21. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

22. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

MACEY BANKRUPTCY LAW, P.C.

By: _____
Nicholas J. Prola
Macey Bankruptcy Law, P.C.
233 S. Wacker, Suite 5150
Chicago, IL 60606
Telephone: 1.866.339.1156
nprola@maceybankruptcylaw.com
Attorneys for Plaintiff

3